CHERNEY et al., Appellants,

v.

CITY OF AMHERST et al., Appellees.

[Cite as *Cherney v. Amherst* (1991), 66 Ohio App.3d 411.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005036.

Decided Sept. 25, 1991.

412

*Jeffrey C. Endress*, for appellants.

*Frank S. Carlson* and *Timothy H. Dempsey*, for appellees.

---

CACIOPPO, Judge.

Appellants, John and Marilyn Cherney, own real property in Amherst, Ohio. Appellees, Arlene Stransky and Marvin Rinker, own neighboring parcels. Stransky and Rinker built fences on the boundaries of their respective properties, which resulted in the enclosure of the Cherney property.

As a result of the construction of the fences, the Cherneys sued the city of Amherst, the Chief Building Inspector of Amherst, Stransky and Rinker. The trial court granted summary judgment in favor of Stransky and Rinker. The appeal at bar concerns only the claims against Stransky and Rinker.

The Cherneys appeal from the trial court's granting summary judgment. We affirm.

### Assignments of Error

"I.  The trial court erred in dismissing the appellants' claim for damage as a result of the Defendants' construction of a fence when such fence is without question, prohibited by City ordinance.

"II.  The trial court erred in relying upon a finding that the defendants secured building permits to build fences prohibited by ordinance.

"III.  The trial court erred in dismissing the appellant's claim for infliction of emotional distress, when there existed ample evidence for a reasonable man to find that the character of the appellees' acts were [*sic*] atrocious, and intolerable.

"IV. The trial court erred in failing to view the facts in a light most favorable to the appellants herein, and in finding, as a matter of law, issues of controverted fact requiring a jury decision.

"V. The trial court erred in relying upon the decision in *Letts v. Kessler* (1896), 54 Ohio St. 73 [42 N.E. 765], which decision is an aberration, has been criticized as poor law, and which decision should be overturned."

As these assignments of error are interrelated, they will be addressed together.

The Cherneys' complaint contained five counts. The counts concerning Stransky and Rinker alleged damage to the value of the Cherney property as a result of the construction of the fence in contravention of Amherst ordinances, and intentional infliction of emotional distress.

Before summary judgment may be granted, it must be determined that: no genuine issue of material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and, it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273.

The parties have failed to provide this court with an entire copy of the Amherst building ordinances. Rather, incomplete portions of various ordinances are attached to the briefs. Assuming *arguendo* that Rinker and Stransky violated Amherst ordinances in the construction of the fences, and that this violation constituted an actionable tort, the Cherneys' claims still must fail as they failed to produce sufficient evidence in their responses to the motions for summary judgment that they had been harmed. The Cherneys' responses and accompanying affidavits assert that they were damaged by the construction of the fence but never go beyond these mere conclusory allegations.

The Cherneys' replies to the motions for summary judgment also failed to raise a genuine issue of material fact as to their claim of intentional infliction of emotional distress. Under the tort of intentional infliction of emotional distress, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, syllabus. In order to state a claim for intentional infliction of emotional distress the emotional distress must be serious. *Id.* at 374, 6 OBR at 425, 453 N.E.2d at 670. Serious emotional

distress engenders emotional injury which is severe and debilitating. *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759, paragraph three of the syllabus.

■ In the case at bar, there was no evidence of severe emotional distress. While the Cherneys were undoubtedly perturbed by the construction of the fences, this annoyance was not of such a nature as to cause a reasonable person to be unable to cope adequately with the mental distress engendered by the circumstances in the case at bar. See *id.* Furthermore, the action of constructing the fences, with the approval of the city of Amherst, did not rise to the level of extreme and outrageous conduct.

Cherney further asserts that the trial court erred by relying on *Letts v. Kessler* (1896), 54 Ohio St. 73, 42 N.E. 765, and that this case should be overturned. We are obviously not in a position to overturn a Supreme Court of Ohio case. In *Letts,* the syllabus of the court reads:

"L. and K. owned adjoining lots, and L. erected on his lot a board fence reaching to the roof of K.'s house which stood on the line of the two lots, which fence shut off light and air from the windows of the house of K. to its injury, which fence was so erected by L. for no useful or ornamental purpose, but from motives of unmixed malice toward K. In an action by K. against L. to compel the removal of the fence, *Held:* That L. had a legal right to erect and maintain such fence, and that neither law nor equity could compel its removal."

Given the absence of Ohio law on the issue of such fences and the appellants' inability to adequately distinguish the *Letts* case from the case at bar, we refuse to ignore the guidance provided by *Letts.*

The appellants' assignments of error are without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur in judgment only.